NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1218
_____

UNITED STATES OF AMERICA

v.

JOSEPH LEONARD STRATTON-KIELMEIER,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 1:21-cr-00009-001)
District Judge: Honorable David S. Cercone
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 11, 2026

Before: HARDIMAN, BOVE, and FISHER, *Circuit Judges*.

(Filed: July 30, 2026)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

After Joseph Stratton-Kielmeier arranged for the sale of two unregistered machine

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

guns to an FBI informant, he was convicted of aiding and abetting the illegal transfer of unregistered machine guns. And because the District Court found that a serial number on one of the machine guns had been rendered unreadable, it applied a sentence enhancement—though it relied on an outdated version of the U.S. Sentencing Guidelines. Stratton-Kielmeier challenges his conviction and sentence. We will affirm.[1]

A conviction for aiding and abetting requires a finding of guilt for each element of the principal crime, and knowledge that the gun can fire automatically is an element of the principal crime here—unlawful transfer of an unregistered machine gun. Stratton-Kielmeier argues that there is no evidence the sellers knew that the firearms could fire fully automatically. However, he did not make this argument in the District Court. "[T]o preserve a[n] . . . argument, a party must make the same argument in the District Court that he makes on appeal."[2] In the District Court, Stratton-Kielmeier raised three arguments in his motions for acquittal: (1) the Government failed to identify the principals and, therefore, failed to prove that the firearms were unregistered; (2) he did not do anything to aid and abet the transfer and "was merely a witness to the transaction"[3]; and (3) the Government failed to prove that Stratton-Kielmeier himself

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 (offenses against the laws of the United States). We have jurisdiction under 28 U.S.C. § 1291 (final decisions of district courts) and 18 U.S.C. § 3742(a) (review of a sentence).

[2] *United States v. Joseph*, 730 F.3d 336, 341 (3d Cir. 2013).

[3] App. 453.

knew the firearms were unregistered.[4] None of those arguments matches his appellate argument that the Government failed to prove that the sellers knew the firearms could sustain fully automatic fire.

Stratton-Kielmeier cites his trial lawyer's statements that the Government failed to show "that the principal . . . committ[ed] each of the elements of the offense" and that the Government had not "proven a crime took place."[5] But neither of those statements identifies a particular element of the principal crime or the reasons why the evidence failed to establish that element. Counsel made those statements while arguing that the Government failed to prove either that the firearms were unregistered or that Stratton-Kielmeier knew they were unregistered.[6] Litigants must "directly identify for the district court the purported grounds for error."[7] Stratton-Kielmeier did not do so here, so plain-error review applies.[8]

On plain-error review, "[a]n insufficiency claim succeeds . . . only where affirmance would produce 'a manifest miscarriage of justice—the record must be devoid

---

[4] App. 323; 453 ("It is impossible to impute knowledge that the firearms were not registered in the National Firearms Registry to the Defendant.").

[5] Reply Br. 5–6 (quoting App. 315, 317).

[6] *See* App. 316 ("[A]lthough [the Government's witness] claims to have run the firearms and [says] they're not registered, she didn't run the specific names [of the sellers.]"); *id.* at 317 ("My client has no idea whether the person who was selling the guns [complied with the statutory requirements.]"); *see also id.* at 315–20.

[7] *United States v. Johnson*, 19 F.4th 248, 255 (3d Cir. 2021).

[8] *United States v. Williams*, 974 F.3d 320, 361 (3d Cir. 2020); Fed. R. Crim. P. 52(b).

of evidence of guilt or the evidence must be so tenuous that a conviction is shocking.'"[9] In other words, "the defendant must 'establish that the trial judge and prosecutor were derelict in even permitting the jury to deliberate.'"[10] Here, the record includes at least three pieces of circumstantial evidence that the principals knew some of the firearms were capable of fully automatic fire.

First, Stratton-Kielmeier knew that at least some of the guns could fire automatically, and the circumstances suggest that the sellers had the same knowledge. Stratton-Kielmeier was the sale's broker—not the owner or seller—which makes it unlikely that he would have known of the guns' firing capabilities if the sellers did not also know. He test-fired at least one of the fully automatic guns before the sale, which creates a plausible inference that the sellers supervised the test or, at least, spoke about the test with Stratton-Kielmeier. And after Stratton-Kielmeier returned from the room where he exchanged the money for the guns, he informed the buyer that only two of the three guns were fully automatic. The jury could have inferred that Stratton-Kielmeier learned that information from the sellers while he was in the room with them.

Second, the evidence suggests that Stratton-Kielmeier knew the sellers and brokered the sale as a favor to one of them who needed the money quickly to pay child support. So, the jury could have inferred that Stratton-Kielmeier and the sellers discussed

---

[9] *United States v. Abrams*, 165 F.4th 784, 801 (3d Cir. 2026) (quoting *United States v. Burnett*, 773 F.3d 122, 135 (3d Cir. 2014)).
[10] *Id.* at 801–02 (quoting *Burnett*, 773 F.3d at 135).

the guns' features as they estimated the prices they could charge in a time-pressured sale. And third, the clandestine nature of the sale suggests consciousness of guilt on the part of the sellers.[11]

Stratton-Kielmeier makes much of the Government's failure to identify the sellers, but identification of the principals is not a necessary element of an aiding-and-abetting charge.[12] Stratton-Kielmeier also argues that the people in the barn might have been intermediaries, rather than the sellers themselves, and that the circumstances of the exchange do not imply the sellers' knowledge. But the buyer testified both that Stratton-Kielmeier greeted one of the individuals in the barn as "Smiley" and that one of the sellers went by "Smiley."[13] So, the jury could have inferred that the individuals in the barn were the sellers. Lastly, in response to the Government's consciousness-of-guilt argument, Stratton-Kielmeier argues that no evidence demonstrates that the sellers orchestrated a secret sale. But even if Stratton-Kielmeier planned the sale, the jury could have inferred that he was conscious of the sellers' guilt and sought to protect them.

In light of all this, we cannot say "that the trial judge and prosecutor were derelict in even permitting the jury to deliberate."[14] Therefore, the District Court did not err in denying Stratton-Kielmeier's motion for acquittal.

---

[11] *Cf. United States v. Torres-Pérez*, 22 F.4th 28, 33 (1st Cir. 2021) (because defendant ran from police, the jury could infer his "consciousness of guilt").

[12] *See United States v. Wasserson*, 418 F.3d 225, 233 (3d Cir. 2005).

[13] App. 227–28.

[14] *Abrams*, 165 F.4th at 801–02 (citation modified).

As to the District Court's application of the 2018 Sentencing Guidelines, Stratton-Kielmeier concedes that plain-error review applies because he did not object.[15] We can grant him relief only if the District Court "committed (1) error (2) that is plain (3) that affects substantial rights."[16] The Government concedes that the first two prongs are satisfied: applying a prior version of the Guidelines was a plain error.[17] To show an effect on his substantial rights, Stratton-Kielmeier must show "'a reasonable probability that, but for the error,' the outcome of the proceeding would have been different."[18] He cannot do so.

The applicable version of the Sentencing Guidelines, from 2024,[19] provided for a four-level increase to the base offense level if "any firearm had a serial number that was modified such that the original information is rendered illegible or unrecognizable to the unaided eye."[20] Stratton-Kielmeier argues that the enhancement should apply only "when

[15] *United States v. Azcona-Polanco*, 865 F.3d 148, 151 (3d Cir. 2017) (quoting Fed. R. Crim. P. 52(b)).

[16] *United States v. Adams*, 252 F.3d 276, 285 (3d Cir. 2001) (citation modified); *see also* Fed. R. Crim. P. 52(b).

[17] *See United States v. Wood*, 486 F.3d 781, 790 (3d Cir. 2007) (courts must apply the version of the Guidelines in effect at the time of sentencing unless doing so would violate the *ex post facto* clause).

[18] *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)).

[19] The latest version of the Guidelines is the 2025 version, and the relevant serial-number-obliteration language in this latest version is identical to the language used in the 2024 version. *See* U.S.S.G. § 2K2.1(b)(4)(B)(i) (2025); U.S.S.G. § 2K2.1(b)(4)(B)(i) (2024).

[20] U.S.S.G. § 2K2.1(b)(4)(B)(i) (2024).

the firearm is untraceable because all the serial numbers have been rendered illegible to the naked eye."[21] Here, the rifle in question had a serial number that was engraved in three locations, only one of which had been rendered unreadable.

A recent decision from our Court forecloses Stratton-Kielmeier's argument. "To apply § 2K2.1(b)(4)(B)(i), a sentencing court need only identify whether a firearm has a single modified serial number that is illegible or unrecognizable to the naked eye. The presence of a separate legible serial number does not prohibit the application of § 2K2.1(b)(4)(B)(i)'s four-level enhancement."[22] Application of the 2018 Guidelines was error. But there is no changing the fact that the rifle had a serial number that was ground down to illegibility—so application of the 2024 Guidelines would have resulted in the same enhancement. Therefore, Stratton-Kielmeier cannot "'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different."[23]

For the foregoing reasons, we will affirm.

---

[21] Appellant's Br. 38.
[22] *United States v. Craddock*, 179 F.4th 156, 159–60 (3d Cir. 2026).
[23] *Molina-Martinez*, 578 U.S. at 194 (quoting *Dominguez Benitez*, 542 U.S. at 76).